Pearson, J.
 

 The case turns upon the construction
 
 of
 
 the mortgage, taken in connection with the deed of Mr. Burton, called a defeasance; for, although the words of the deed have a more particular reference to the guaranty of the notes,
 
 yet
 
 all of the instruments were executed at the same time, and must be construed together. We think it clear, that-the mortgage was not to be enforced, until “the insolvency and inability to pay” of the two Johnsons was ascertained by legal process ; and the question is, what was meant by legal process ? Without some express stipulation, the guaranty or mortgage mighfhave been resorted to as soon as the notes Were presented, and protested for non-payment, Mr, Burton, therefore, stipulated that he would not resort to the guaranty or mortgage, until a judgment at law was taken on the notes, and a
 
 fiert facias
 
 was issued, and returned “
 
 nulla
 
 bonej.” This is what was meant by “legal process.” It never wag intended, that, after the remedy given by law proved unavailing, recourse should then be had to Equity, and all the remedies given in that Court, which, by possibility, might reach property fraudulently conveyed, or otherwise put out of the reach of the process of the law, should be exhausted, before the defendant could be sailed an tor payment. Such a construction is unreasonable, and is not justified by the language used.
 

 It we suppose the defendant was under a misapprehension as to the proper construction of the deed, his conduct js fully explained. But, according to the construction we put on it, he is in default; and the plaintiff is entitled to have the mortgage foreclosed, unless the defendant pays the balance of the purchase money, whicjh still remains unpaid.
 

 
 *221
 
 When the defendant to.ok the notes to Kentucky for the purpose of collecting them, if the money could have been made out of the Johnsons by legal process, his duty to the plaintiff and his own interest required him to take a judgment at law, and have the money made by
 
 & fieri facias;
 
 but, if this could not he done, then his duty to the plaintiff required him to take a judgment at law, issue
 
 & fieri facias,
 
 and have it returned, “
 
 nulla bona,”
 
 so as to give the plaintiff a right to proceed on the guaranty or mortgage; but his own convenience would strongly tempt him not to do it. It is for him to say haw he acted. He says, by the advice of eminent counsel, he filed a bill in equity, and obtained a decree of sequestration against one of the obligors in 1845, upon which two payments have been realized, and the balance of the debt is fully secured. He does not file a copy of the proceeding in equity, but is content with filing a letter from one of his attorneys. He does not aver that a judgment has not been obtained, and a return of “
 
 nulla bona,”
 
 made on the
 
 fieri facias;
 
 and we presume, such the case, and that a copy of the proceedings in equity would show it; because, it was necessary to proceed in, that way at law, for the purpose of establishing the debt, and showing that the legal remedy was inadequate, in order to give jurisdiction to the Court of' Equity, But, if it has not been done, it was the 4duty of the defendant, (having Undertaken,
 
 to,
 
 act as agent of the plaintiff,) to have done it; and, in either case, he is in default, and is. no, longer entitled to insist upon the stipulation of the plaintiff’s testator, as set forth in the defeasance.
 

 There must be a reference f<o ascertain the amount due upon the mortgage, to the end that it may be foreclosed, Unless the arnp.un.t is paid by the defendant.
 

 Recree accordingly. Tee CyitiAM.